# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**BRENDA L. COURTNEY,**
**Claimant Below, Petitioner**

**FILED**
December 20, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 12-0423** (BOR Appeal No. 2046491)
(Claim No. 2011001312)

**FAMILY DOLLAR STORES OF WV, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION


Petitioner Brenda L. Courtney, by Lawrence E. Sherman Jr., her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Family Dollar Stores of WV, Inc., by H. Toney Stroud, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 8, 2012, in which the Board affirmed a September 16, 2011, Order of the Workers' Compensation Office of Judges in holding lumbago back pain compensable; however, the Board of Review reversed the ruling of the Office of Judges finding lumbosacral intervertebral disc and displacement of lumbar intervertebral disc without myelopathy compensable. In its Order, the Office of Judges reversed the claims administrator's May 25, 2010, Order rejecting Ms. Courtney's requested compensability for lumbago back pain, lumbosacral intervertebral disc, and displacement of lumbar intervertebral disc without myelopathy. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21 (d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Ms. Courtney was a manger for Family Dollar Stores of WV, Inc. when she sustained an injury to her lower right back while pushing a gondola on April 27, 2010. Dr. Duffy diagnosed

1

Ms. Courtney with lumbago back pain radiating into her right leg on May 17, 2010. The claims administrator rejected Ms. Courtney's claim on May 25, 2010.

The Office of Judges held that based upon the preponderance of the evidence, Ms. Courtney has shown that on April 27, 2010, she sustained a compensable injury in the course of and as a result of her employment. The Board of Review affirmed the compensability of lumbago back pain, but held lumbosacral intervertebral disc and displacement of lumbar intervertebral disc without myelopathy were not compensable components.

The Board of Review found no medical evidence to establish that the disc herniation was related to Ms. Courtney's compensable injury. Ms. Courtney disagrees and asserts that the reliable and probative evidence shows that she sustained an injury during the course of and as a result of her employment, thus is entitled to an award of compensability for lumbago back pain, lumbosacral intervertebral disc, and displacement of lumbar intervertebral disc without myelopathy. Family Dollar Stores of WV, Inc. maintains that this claim should be rejected, and that there is no justification to add disc herniation as a compensable component.

On May 25, 2010, Dr. Duffy opined that Ms. Courtney had sustained an occupational injury from overuse of her low back. Dr. Caruso diagnosed Ms. Courtney with degeneration of the lumbar or lumbosacral intervertebral disc, displacement of lumbar intervertebral disc without myelopathy, and lumbago back pain. The Office of Judges found Ms. Courtney's and Dr. Duffy's evidence, that she felt pain in her back while moving a gondola at work on April 27, 2010, to be credible and reliable.

The Board of Review erred in relying on Dr. Duffy's initial diagnosis of low back pain on Ms. Courtney's Workers' Compensation application to reverse the compensability of lumbosacral intervertebral disc, and displacement of lumbar intervertebral disc without myelopathy. Subsequent to Dr. Duffy's initial diagnosis of low back pain, Ms. Courtney's MRI on July 7, 2010, revealed right disc herniation, and Dr. Caruso diagnosed her with lumbago back pain, lumbosacral intervertebral disc, and displacement of lumbar intervertebral disc without myelopathy. We agree with the reasoning and conclusions of the Office of Judges and find lumbago back pain, lumbosacral intervertebral disc, and displacement of lumbar intervertebral disc without myelopathy as being compensable.

For the foregoing reasons, we find that the decision of the Board of Review was clearly the result of an erroneous conclusion of law. Therefore, the decision of the Board of Review is reversed and the decision of the Office of Judges is reinstated, granting compensability for Ms. Courtney's lumbago back pain, lumbosacral intervertebral disc, and displacement of lumbar intervertebral disc without myelopathy.

Reversed and Reinstated.

**ISSUED:   December 20, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II